IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00362-CR

 

Jay James Richardson,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2003-367-C

 



MEMORANDUM 
Opinion



 








          Jay
James Richardson was convicted of murder. 
The jury sentenced him to 75 years in prison.  Because the trial court did not violate his
right to the confrontation of a witness and the jury’s negative finding to the
sudden passion issue was not factually insufficient, we affirm the trial
court’s judgment.

          In
his first issue, Richardson contends the trial court violated his right to
confront a witness.  Specifically, Richardson argues that the court’s failure to allow the
cross-examination of Detective Steve January concerning Richardson’s self defense claim violated his right to
confrontation.

          The
trial court sustained the State’s objection to Richardson’s attempt to have January testify as to what
was in James Bishop’s affidavit.  Bishop
was with Richardson when Richardson shot the victim, Rudy Herrera.  Later, Richardson made a bill of exception based on this
attempt.  

          The
State contends the argument at the bill of exception does not comport with the
ground Richardson raised on appeal.  To preserve a complaint on appeal, the issue
on appeal must comport with the complaint made at trial.  Wilson v.
State, 71 S.W.3d 346, 349 (Tex. Crim. App.
2002).  On appeal, Richardson argues that his reasons for wanting to question
January on Bishop’s statement was to show that January had a motive to slant
his testimony against Richardson because January disregarded defensive evidence.  At the bill of exception, however, Richardson argued, among various other reasons not argued
on appeal, that the denial of the admission of Bishop’s statement violated the
right of confrontation “as it put a witness in a witness seat that we can’t
confront, and that’s James Bishop.”  Richardson did not argue that it was to show a motive of
Detective January to slant his testimony. 


          The
complaint on appeal does not comport with the complaint raised at trial.  Thus, Richardson’s first issue is overruled.

          In
his second issue, Richardson argues the evidence was factually insufficient
to support the punishment verdict because the evidence showed Richardson was acting under the influence of sudden
passion.  The jury was instructed on
sudden passion and found that Richardson did not act with sudden passion.

          A
defendant has the burden to prove a sudden passion issue at punishment by a
preponderance of the evidence.  Tex. Penal Code Ann. § 19.02(d) (Vernon
2003).  Because Richardson is challenging the jury’s rejection of a sudden
passion issue, this Court must then determine whether the jury’s negative
answer is so against the great weight and preponderance of the evidence as to
be clearly wrong or manifestly unjust.  Hernandez v. State, 127 S.W.3d 206, 212
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d);
Bumguardner v. State, 963 S.W.2d 171, 176 (Tex.
App.—Waco 1998, pet. ref’d).  Sudden passion must arise at the time of the
offense and cannot result solely from former provocation.  Hernandez,
127 S.W.3d at 213. 
And provocation by people other than the victim, or acting with the
victim, is not sudden passion.  Id.

          Richardson
points to the following evidence as establishing sudden passion:  1) Herrera made harassing gestures, such as
throwing his hands up and pointing his finger like a gun, at Richardson and
stared at Richardson while in a bar; 2) outside the bar, Richardson saw Bishop’s
motorcycle on the ground and saw Herrera and those in his group pointing and
“hollering” at him; 3) Richardson armed himself with handgun from his saddle
bag; 4) despite warnings, the crowd advanced toward him; 5) during the advance,
Richardson saw “a shirt flip up and a guy went for a gun;” and 6) Richardson
was forced to defend himself by shooting Herrera because he was terrified and
thought he would lose his life.

          However,
there was testimony that no one in Herrera’s group had a gun, Herrera did not
own a gun, and no one made threatening gestures to Richardson. 
Herrera’s sons testified that Richardson had been staring at them while inside the
bar.  As Herrera and his family left the
bar, Herrera accidentally knocked down a motorcycle parked outside the
bar.  Someone yelled, “Punk mother
fucker.”  Before they could turn around
to see who was yelling, a shot was fired which hit Herrera in the arm and spun
him around.  Herrera’s sons saw Richardson continue to fire his gun, striking Herrera
seven times.  Two of the seven wounds
were to the back of Herrera’s arm and one to Herrera’s back.  Afterward, Richardson threatened Herrera’s family by pointing the gun
at them and asking, “You want some?”.  Richardson and Bishop then left the scene on
their motorcycles while one of Herrera’s sons chased after them, throwing
rocks.

          Reviewing
all the evidence, the jury’s negative answer to the sudden passion issue is not
so against the great weight and preponderance of the evidence as to be clearly
wrong or manifestly unjust.  Richardson’s second issue is overruled.

          Having
overruled each issue, the trial court’s judgment is affirmed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Affirmed

Opinion
delivered and filed February 9, 2005

Do
not publish

[CRPM]